IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID W. SMITH, JR., | : | |
|     Petitioner | : | No. 1:23-cv-00120 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| WARDEN ERIK ROKOSKY, | : | |
|     Respondent | : | |
| | : | |

**MEMORANDUM**

Presently before the Court is pro se Petitioner David W. Smith, Jr. ("Smith")'s petition for a writ of habeas corpus under 28 U.S.C. § 2241. For the reasons set forth below, the Court will dismiss the petition as moot.

**I.   BACKGROUND**

Smith commenced this action by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241 and a supporting memorandum of law, both of which the Clerk of Court docketed on January 23, 2023. (Doc. Nos. 1, 2.) At the time Smith filed his petition, he was incarcerated at United States Penitentiary Canaan's Satellite Camp ("USP Canaan"). (Doc. No. 1 at 1.) In his petition, Smith asserted that USP Canaan officials incorrectly calculated his sentence and unlawfully denied him earned time credits under the First Step Act of 2018 ("FSA"). (Id. at 6.)

On March 1, 2023, the Court issued an Order which, inter alia, directed Respondent to file a response to Smith's habeas petition. (Doc. No. 4.) Respondent filed a timely response in opposition to the petition on March 16, 2023. (Doc. No. 6.) Smith filed a reply brief in further support of his petition on March 30, 2023. (Doc. No. 7.)

On December 5, 2023, Smith filed a motion to hold the resolution of his petition in abeyance. (Doc. No. 8.) The Court denied this motion as moot via an Order issued on

September 30, 2024.  (Doc. No. 10.)  On March 7, 2025, Respondent filed a suggestion of mootness based on Smith's release from federal incarceration on October 3, 2024.  (Doc. No. 12.)

On November 18, 2025, the Court issued an Order which, inter alia, required Smith to show cause within twenty (20) days why the Court should not dismiss his Section 2241 habeas petition as moot due to his apparent release from incarceration.  (Doc. No. 13.)  The Court also warned Smith that if did not timely respond to the Order, the Court would deem him to be unopposed to the dismissal of his habeas petition as moot.  (Id. at 3.)  Smith has not responded to this Order despite the passage of more than twenty (20) days, and he has not sought an extension of time to file a response.

**II.    DISCUSSION**

"Article III of the [United States] Constitution limits federal 'judicial Power' to the adjudication of 'Cases' or 'Controversies.'"  Abreu v. Superintendent Smithfield SCI, 971 F.3d 403, 406 (3d Cir. 2020) (quoting Toll Bros., Inc. v. Twp. of Readington, 555 F.3d 131, 137 (3d Cir. 2009)).  "For a case or controversy to exist, a petitioner, throughout each stage of the litigation, 'must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision.'"  Id. (quoting DeFoy v. McCullough, 393 F.3d 439, 442 (3d Cir. 2005)).  Consequently, "a habeas corpus petition generally becomes moot when a prisoner is released from custody because the petitioner has received the relief sought."  See id. (citing DeFoy, 393 F.3d at 441); see also Hamilton v. Bromley, 862 F.3d 329, 335 (3d Cir. 2017) (explaining that mootness is "a doctrine that 'ensures that the litigant's interest in the outcome continues to exist throughout the life of the lawsuit,' and which is 'concerned with the court's ability to grant effective relief'" (quoting Freedom from

Religion Found. Inc. v. New Kensington Arnold Sch. Dist., 832 F.3d 469, 476 (3d Cir. 2016) and County of Morris v. Nationalist Movement, 273 F.3d 527, 533 (3d Cir. 2001))).

Nevertheless, a petitioner who has been released from custody "may obtain judicial review of a [habeas] petition by showing that [they] continue[] to suffer from secondary or collateral consequences of [their] conviction."  See Abreu, 971 F.3d at 406 (citations omitted). Generally speaking, "collateral consequences will be presumed when the [petitioner] is attacking [their] conviction while still serving the sentence imposed for that conviction [and] . . . where the[y are] attacking that portion of [their] sentence that is still being served."  See id. (citing United States v. Jackson, 523 F.3d 234, 242 (3d Cir. 2008)).  Once a petitioner has been released, however, the Court does "not presume that a conviction carries collateral consequences."  See Abreu, 971 F.3d at 406 (citing Burkey v. Marberry, 556 F.3d 142, 148 (3d Cir. 2009)).  Instead, the Court "must 'address[] the issue of collateral consequences in terms of the 'likelihood' that a favorable decision would redress the injury or wrong.'"  See id. (quoting Burkey, 556 F.3d at 148).  For that reason, "[i]t is not enough if 'collateral consequences proffered by the petitioner' amount to 'a possibility rather than a certainty or even a probability.'"  See id. (quoting Burkey, 556 F.3d at 148).

In this case, Smith is not currently incarcerated.  As such, the instant petition in which he challenges the denial of FSA time credits is mooted due to his release from BOP incarceration. Although Smith could still potentially obtain judicial review if he showed that he continues to suffer from secondary or collateral consequences, he has failed to make such a showing by responding to the Court's Order.  Accordingly, the Court concludes that Smith's Section 2241 petition is moot.

### III. CONCLUSION

Accordingly, for the foregoing reasons, the Court will dismiss Smith's Section 2241 petition as moot. An appropriate Order follows.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania
